```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SPEAKING TRUTH TO POWER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES NATIONAL | : | |
| NUCLEAR SECURITY | : | |
| ADMINISTRATION | : | NO. 14-1421 |

MEMORANDUM

Bartle, J.                                              June 10, 2015

Plaintiff Speaking Truth to Power ("STTP") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States National Nuclear Security Administration ("NNSA").[1]  STTP seeks information related to certain incidents involving nuclear weapons.  It has filed FOIA requests with NNSA and other federal agencies, including the United States Department of Defense ("DOD") and the United States Department of Energy ("DOE" and, together with NNSA and DOD, the "Government").[2]  STTP has received responsive documentation from NNSA, but DOD and DOE have stated that they have no relevant records in their possession.

Before the court is the motion of STTP under Rules 15(a)(2) and 20(a)(1) of the Federal Rules of Civil Procedure to amend the complaint to add DOD and DOE as defendants.

---

[1] This action was consolidated with three other matters in which STTP has brought actions under FOIA against other defense-related agencies.  See Order dated March 25, 2014 (Doc. # 4).
[2] NNSA is a component of DOE.

The following facts are undisputed.  STTP sent FOIA requests to NNSA, DOE, and DOD seeking information relating to so-called "Broken Arrow" incidents.  According to the Department of Defense Manual, a Broken Arrow is an "unexpected event involving nuclear weapons or radiological nuclear weapon components" characterized by the risk of an outbreak of war, loss or destruction of a nuclear weapon, or the heightened possibility of an explosion or nuclear detonation, among other dangers.  Dep't of Def., Manual No. 3150.08 96 (2013), available at http://www.dtic.mil/whs/directives/corres/pdf/315008m.pdf.

Each agency acknowledged receipt of STTP's FOIA request.  DOD initially responded by assigning STTP a case number.  In the same letter it also denied expedited processing, which STTP had sought.  Four days later the agency sent a follow-up letter stating that "[t]he Office of the Assistant Secretary of Defense for Nuclear, Chemical, and Biological Defense Programs, Office of Nuclear Matters could locate no records responsive to your request."  DOD notified STTP of its right to pursue an administrative appeal with respect to its failure to find records.  STTP, however, declined to do so.

When DOE acknowledged receipt of STTP's FOIA request, it explained that "[r]ecords that may exist at the DOE that are responsive to the request are under the jurisdiction of the NNSA" and that no search would therefore take place at DOE headquarters.

Counsel for the Government later confirmed that NNSA is the lead component of DOE for nuclear weapons matters. Counsel explained in an email that "DOE was once involved in the nuclear weapons program, but once NNSA was established, NNSA assumed that responsibility." STTP took no further action with respect to DOE headquarters.

NNSA conducted a search of its records through its contractor, Sandia Corporation. It located several responsive files, which it forwarded to STTP after reviewing them for classified material. The Sandia employee who conducted the search declared in an affidavit:

> Based on input received from a Sandia Subject Matter Expert and Classification, and to the best of my knowledge, the US Department of Defense (DoD), rather than DOE, NNSA or DOE/NNSA contractors such as Sandia, bears a primary responsibility for responding to Broken Arrow incidents. For this reason, based on information and belief, and to the best of my knowledge, the bulk of US Government records pertaining to Broken Arrow incidents would be in DoD possession, rather than at Sandia, whose mission in relation to Broken Arrow incidents is auxiliary by comparison.

STTP contends that the Government's various positions -- DOD's failure to find records, DOE's referral of STTP to NNSA, and NNSA's belief that DOD is the primary records custodian -- are contradictory and that DOD and DOE must therefore be added as

defendants.  STTP also appears to move for the joinder of these agencies.

We note at the outset that STTP's reliance on Rule 20(a)(1) is irrelevant.  It provides for the permissive joinder of plaintiffs.  Fed. R. Civ. P. 20(a)(1).  We suspect that STTP intended to invoke Rule 20(a)(2) which permits joinder of additional defendants.  Regardless, joinder by a plaintiff after the complaint has been filed is subject to the requirements of Rule 15 for the amendment of a pleading, and so we focus our analysis on that rule.  See 4 James Wm. Moore, et al., Moore's Federal Practice § 20.02[2][a][ii] (3d ed. 2015).

After a defendant has answered the complaint, Rule 15 allows a plaintiff to amend his or her pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is a matter within the court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  While "[t]he court should freely give leave when justice so requires," leave to amend is not appropriate when amendment would be futile.  Fed. R. Civ. P. 15(a)(2); Foman, 371 U.S. at 182.  Amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim.  Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014).

In the present matter, the Government maintains that STTP's proposed amendment to add DOD as a defendant would be futile. In the Government's view, STTP's failure to take an administrative appeal before the agency bars any claims against it in federal court. STTP responds that no administrative appeal is necessary under the circumstances of this case.

Ordinarily, a FOIA plaintiff must exhaust any available administrative appeals process before pursuing an action in federal court. See McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993). FOIA contains two exceptions to this requirement. First, an information seeker may file a lawsuit without exhausting administrative remedies if an agency fails to respond within statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 62-63 (D.C. Cir. 1990).[3] Second, an agency's decision to deny a request for expedited processing of a FOIA query is subject to immediate judicial review: "Agency action to deny or affirm denial of a request for expedited processing ... and failure by an agency to respond in a timely manner to such a request shall be subject to judicial review ..., except that the judicial review shall be based on the record before the agency at the time of the determination." See 5 U.S.C. § 552(a)(6)(E)(iii); see also Al-Fayed v. Cent. Intelligence

---

[3] Any belated response by the agency before the initiation of a lawsuit reinstates the exhaustion requirement. Oglesby, 920 F.2d at 63.

Agency, Civil Action No. 00-2092, 2000 WL 34342564, at *2-3 (D.D.C. Sept. 20, 2000).

In this matter, DOD denied STTP's request for expedited processing. STTP urges that under § 552(a)(6)(E)(iii) this denial obviates the need for it to pursue an administrative appeal. However, the plain language of the statute allows immediate judicial review only of "[a]gency action to deny or affirm denial of a request for expedited processing" or the failure by an agency to respond timely to such a request. 5 U.S.C. § 552(a)(6)(E)(iii). STTP challenges not DOD's denial of expedited processing but rather its failure to find responsive documents. There is no exception to the exhaustion requirement under this circumstance. STTP having failed to pursue an administrative appeal against DOD, an amendment to add DOD as a defendant in this action against NNSA would therefore be futile.

With respect to DOE, the Government urges that its responses to STTP's FOIA requests provide no basis to conclude that DOE would have relevant documents independent of NNSA such that it can be properly added as a defendant. We agree. DOE headquarters explained that any responsive documentation that "may exist" under its umbrella would be in NNSA's direct control, which STTP does not contest. NNSA responded to STTP's FOIA request by providing what documents it could and stating that, to the best of its knowledge, DOD, not NNSA or DOE more broadly, is the primary record keeper for

-6-

Broken Arrow incidents.  DOD, as noted above, searched their records and found no responsive documentation, but STTP did not appeal that failure.  At no point did any representative of the federal government declare that DOE had relevant records outside of NNSA's purview.

STTP insists that it did not avail itself of further administrative proceedings against DOD or DOE because it detrimentally relied upon the representation of Government counsel that "responsibility for the nuclear weapons program of the United States federal government once belonged to the DOE, but that NNSA had fully assumed responsibility for this program."  This is a misreading of what counsel for the Government wrote in his email.  As noted above, counsel wrote that DOE had merely been "involved" in the nuclear program and that NNSA later assumed responsibility for that involvement, not that DOE had exclusive control over the nuclear weapons program.  There is simply no plausible basis for an action against DOE that would be sufficient to survive a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  An amendment to add DOE as a defendant would therefore be futile as well.  Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014).

In sum, STTP's proposed amendments to add claims against DOD and DOE would fail to survive a motion to dismiss and would be

futile. Accordingly, the motion of plaintiff to amend the complaint will be denied.