```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

SPEAKING TRUTH TO POWER          :     CIVIL ACTION
                                 :
            v.                   :
                                 :
UNITED STATES NATIONAL           :
NUCLEAR SECURITY                 :
ADMINISTRATION                   :     NO. 14-1421

                         MEMORANDUM

Bartle, J.                                       June 29, 2015

       Plaintiff Speaking Truth to Power ("STTP") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States National Nuclear Security Administration ("NNSA").[1] STTP seeks information related to certain incidents involving nuclear weapons. It has filed FOIA requests with NNSA and other federal agencies, including the United States Department of Defense ("DOD") and the United States Department of Energy ("DOE" and, together with NNSA and DOD, the "Government"). STTP received responsive documentation from NNSA, which is a component of DOE. DOD and DOE headquarters, however, stated that they had no relevant records in their possession. Plaintiff's motion to amend the complaint to add DOD and DOE as defendants was denied. See Speaking Truth to Power v. U.S. Nat'l

---

[1] This action was consolidated with three other matters in which STTP has brought actions under FOIA against other defense-related agencies. See Order dated March 25, 2014 (Doc. # 4).

Nuclear Sec. Admin., Civil Action No. 14-1421, 2015 WL 3622852 (E.D. Pa. June 10, 2015).

Before the court is the motion of NNSA under Rule 56 of the Federal Rules of Civil Procedure for summary judgment in its favor.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the plaintiffs. Id. at 252. When ruling on a motion for summary judgment, we may

only rely on admissible evidence.  See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).  We view the facts and draw all inferences in favor of the nonmoving party.  In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

The following facts are undisputed.  STTP sent FOIA requests to NNSA, DOE, and DOD seeking information relating to so-called "Broken Arrow" incidents.  According to the Department of Defense Manual, a Broken Arrow is an "unexpected event involving nuclear weapons or radiological nuclear weapon components" characterized by the risk of an outbreak of war, the loss or destruction of a nuclear weapon, or the heightened possibility of an explosion or nuclear detonation, among other dangers.  Dep't of Def., Manual No. 3150.08 96 (2013), available at http://www.dtic.mil/whs/directives/corres/pdf/315008m.pdf.

Each agency acknowledged receipt of STTP's FOIA request. When DOE acknowledged receipt of STTP's FOIA request, it explained that "[r]ecords that may exist at the DOE that are responsive to the request are under the jurisdiction of the NNSA" and that no search would therefore take place at DOE headquarters.  DOD conducted a search of its records but found no responsive documentation.  STTP took no further action with respect to DOD or DOE headquarters.

NNSA conducted a search of its records through its contractor, Sandia Corporation.  The Sandia employee who conducted

the search declared in an affidavit the search methods employed, including the locations searched and the search terms used. NNSA found several responsive files, which it forwarded to STTP after reviewing them for classified material. STTP did not challenge this disclosure before the agency before filing the instant lawsuit.

FOIA reflects a policy balance "between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (quoting H.R. Rep. No. 1497 (1966), reprinted in 1966 U.S.C.C.A.N. 2418, 2423). Summary judgment is appropriate in a FOIA case when the agency establishes that it conducted "a reasonable search for responsive records." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007). "The relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Id. (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The agency can demonstrate the adequacy of its search through an affidavit giving a reasonably detailed account of the search terms used and the type of search performed. Id. The affidavit should "aver[] that all files likely to contain responsive materials ... were searched." Id. (second alteration in

original) (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999)).

The affidavit submitted by the Government meets this standard. The Sandia employee in charge of responding to FOIA requests explained which repositories within Sandia's control were most likely to contain responsive documentation. He detailed the search terms used and the type of searches performed within those repositories. While the employee did not expressly state that "all files likely to contain responsive materials ... were searched," such magic words are not required when, as here, a reasonably detailed affidavit describes a thorough search of those places where responsive documentation is likely to be found. See id. Moreover, STTP has voiced no objection to the affidavit. We therefore conclude that NNSA conducted a reasonable search for responsive records such that a grant of summary judgment is appropriate. Id.

Accordingly, the motion of NNSA for summary judgment in its favor and against STTP will be granted.